UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



------------------------------------------------------------- x

ERNESTO SANDERS,

                      Plaintiff,

     -against-

CITY OF NEW YORK; Police Officer BRIAN MCCARTHY, Shield No. 17548; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.

------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

CHEN, J.

REYES, M.J

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff ERNESTO SANDERS ("plaintiff" or "Mr. SANDERS") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer BRIAN MCCARTHY, Shield No. 17548 ("MCCARTHY"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Tarlentino is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 12:01 a.m. on July 29, 2013, plaintiff was lawfully within the vicinity of 55 East 21st Street, Brooklyn, New York.

13. Plaintiff worked as a repairman at the above address.

14. Plaintiff was with the building's superintendent, Carlos Mirapole, and another handyman, John Oliver, in repairing the boiler in the basement of the building.

15. Several New York City Police Officers including defendant MCCARTHY approached Plaintiff, Mirapole and Oliver in the basement.

16. In order to enter the basement, the Officers broke through a metal gate bearing a sign stating "No Trespassing." The officers then opened a closed door, went down a long hallway, and down a flight of steps to the basement.

17. The officers questioned Plaintiff, Mirapole and Oliver.

18. Mirapole objected to the officer's presence and asked them why they broke through the door.

19. Mirapole, Plaintiff and Oliver spoke in Spanish to each other and the officers grew angry.

20. The officers handcuffed Mirapole to a chair for approximately 45

minutes, and issued Oliver a summons.

21. The officers used excessive force to place plaintiff into handcuffs. Striking plaintiff about the head and body. The handcuffs were too tight and caused plaintiff extreme pain. Plaintiff begged for the officers to loosen the handcuffs but they refused.

22. Despite the fact that they had no probable cause to believe that plaintiff had committed any crimes of offenses, defendants, including defendant MCCARTHY, placed plaintiff into handcuffs and under arrest.

23. Plaintiff was taken to the 70th precinct.

24. At the precinct, the officers, including defendant MCCARTHY, falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff resist arrest and act disorderly.

25. At no point did the officers observe plaintiff commit any crimes/offenses.

26. Plaintiff was subsequently transported to Central Booking.

27. Plaintiff was arraigned in Kings County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal.

28. After approximately twenty-four (24) hours in custody, plaintiff was released.

29. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The individual defendants created false evidence against Plaintiff.

41. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

42. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Malicious Abuse Of Process

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The individual defendants issued legal process to place Plaintiff under arrest.

46. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

47. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

51. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   November 13, 2013
         New York, New York


Robert Marinelli
299 Broadway, 15th Floor
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

Ernesto Sanders

*Plaintiff*

v.

The City of New York et. als.

*Defendant*

CV 13  6344

Civil Action No.

CHEN, J.

REYES, M.J

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Police Officer Brian Mccarthey (Shield No. 17548)
70th Precinct
154 Lawrence Avenue
Brooklyn, NY  11230

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Robert Marinelli
299 Broadway, Suite 1501
New York, NY 10007

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

NOV 15 2013

CLERK OF COURT

Date: _____

*Signature of Clerk or Deputy Clerk*